### CITY OF LAURENS v. CRAWFORD.

1. OFFICERS—CONCEALED WEAPONS.—STATE CONSTABLES and other peace officers cannot lawfully carry weapons concealed about their persons.
2. CONSTRUCTION OF STATUTES.—Rule of construction of two statutes on same subject indicated.

Before TOWNSEND, J., Laurens, December, 1898. Reversed.

Information against W. R. Crawford for violation of ordinance of the city of Laurens. From order of Circuit Court overruling decision of mayor, city of Laurens appeals.

*Messrs. F. P. McGowan* and *W. R. Richey,* for appellant.

July 21, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. The record contains the following statement of facts: "On July 23d, 1898, the defendant, W. R. Crawford, named above, was tried before the mayor of the city of Laurens, charged with the violation of an ordinance of said city, on July 23d, 1898, by having concealed about his person a pistol. The defendant admitted that he did have a pistol concealed about his person in said city on the 23d day of July, 1898, but contended that he was a State constable, and had a right to carry his pistol concealed about his person. The defendant was a State constable, but the mayor overruled the contention of the defendant, convicted him of the crime charged, and sentenced him to pay a fine of $5 or be imprisoned ten days. The defendant appealed to the Court of General Sessions for Laurens County, upon the grounds that he was an officer, a State constable, and had a right to carry his pistol concealed about his person. The appeal was heard by his Honor, Judge Townsend, at the October, 1898, term of Court of General Sessions for Laurens County." His Honor, the Circuit Judge, ordered "that the appeal be and is sustained, and that the entire proceedings herein be and are hereby dismissed, and that the defendant's bond on appeal be discharged and cancelled."

The city of Laurens appealed from this order upon exceptions raising practically the single question of law, whether a State constable is exempt from the operation of the law forbidding the carrying of a pistol concealed about the person. The first act on this subject was passed in 1880, 17 stat., 447, the fourth section of which was as follows: "Nothing herein contained shall be construed to apply to peace officers while in the actual discharge of their duties as such officers, nor to persons carrying concealed weapons while upon their own premises." In 1897, another act was passed, 22 Stat., 423, in which, without re-

ferring to the previous legislation, the language of the former act was substantially repeated, with the important exception that in that part of the act declaring what persons shall be exempt from its provisions, peace officers are entirely omitted. The language of that part of the last act is as follows: "Nothing herein contained shall be construed to apply to persons carrying concealed weapons upon their own premises." The act concludes with the usual repealing clause. The first question, therefore, to be determined is whether the provision in the previous law exempting peace officers while in the actual discharge of their duties as such from the operation of the act is repealed by the subsequent act of 1897. This turns upon the inquiry whether the provisions of the latter act are inconsistent with those of the former act; for, if they are, then, by the express terms of the last section of the act of 1897, the previous provisions not re-enacted are repealed. The rule is well settled that when a statute exempts two classes of persons from the operation thereof, and a subsequent statute on precisely the same subject exempts only one of the two classes named in the previous statute, the provisions of the two statutes are inconsistent with each other, and such inconsistent provisions are repealed by the latter statute. The Circuit Judge, therefore, erred in his construction of the said statutes.

It is the judgment of the Court, that the order of the Circuit Court be reversed.